# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**BEATRICE GRIFFIN**                                                                              **PLAINTIFF**

**V.**                                                                            **CASE NO. 3:17-cv-100-DPJ-FKB**

**NATIONSTAR MORTGAGE LLC**                                                **DEFENDANT**

## ORDER DENYING DEFENDANT'S MOTION TO STAY

Before the Court is Defendant Nationstar Mortgage, LLC's ("Nationstar") Motion to Stay Proceedings [6]. Nationstar seeks a stay of the case pending a ruling by the United States Court of Appeals for the District of Columbia Circuit in *ACA International v. FCC, et al.*, Case No. 15-1211. For the reasons described herein, the Court finds that the motion should be denied.

## Background

Griffin filed her complaint on February 14, 2017, alleging that Defendant violated 47 U.S.C. § 227, *et seq*, the Telephone Consumer Protection Act ("TCPA"). [1]. Griffin alleges that Nationstar engaged in a pattern of conduct beginning in August 2015 and continuing through February 2017 wherein Nationstar placed upwards of 400 automated phone calls to her cellular telephone. *Id.* at 3-8. Griffin alleges that:

> Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1). . . .

*Id.* at 4. Griffin alleges that in or about September 2015, she verbally revoked any consent Nationstar believed it might have had to call her cellular telephone number. *Id.* at 4-5. She alleges

1

that she continued to receive calls, and on at least four different occasions verbally requested that Nationstar stop calling her. *Id.* at 5-6. Griffin further alleges that "each of the calls at issue were placed by the Defendant using a 'prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A)." *Id.* at 4.

Nationstar moves to stay the case on the basis that the D.C. Circuit's pending ruling in *ACA International v. FCC, et al,* "could be dispositive of many if not all of . . . Griffin's claims in this case." [7] at 1. Nationstar argues that *ACA International* will decide both the definition of an "automatic telephone dialing system" ("ATDS") and whether the TCPA permits a plaintiff to verbally revoke consent to receive phone calls. *Id.* Nationstar argues that those issues are at the center of this lawsuit. *Id.* at 1-3. Because *ACA International* would constitute controlling law in this case, Nationstar moves to stay the case pending the D.C. Circuit's decision. *Id.* Nationstar cites numerous other district court orders staying similar litigation pending a ruling in *ACA International*. *Id.* at 4.

Griffin responds, citing a myriad of Eleventh Circuit cases,[1] that a stay is unwarranted. [8]. She argues that it is unclear whether *ACA International* will even address the definition of an ATDS. She further contends that even if the case does address that definition, her allegation that Nationstar used a prerecorded voice when placing the phone calls is an independent violation of the TCPA that would be unaffected by the outcome of *ACA International*. *Id.* at 5-10. She further contends that the decision in *ACA International* "is unlikely to impact, simplify or streamline the case." *Id.* at 5. She too cites numerous other district court orders declining to stay litigation pending a ruling in *ACA International. Id.* at 11-14.

---

[1] Plaintiff's brief exclusively cites post-1981 opinions from the United States Court of Appeals for the Eleventh Circuit as controlling law in this case. However, as this matter is before the United States District Court for the Southern District of Mississippi, the United States Court of Appeals for the Fifth Circuit provides the controlling law.

2

## Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Generally, the power to stay a pending matter derives from a trial court's wide discretion to control the course of litigation." *United States v. $9,041,598.68*, 163 F.3d 238, 251 (5th Cir. 1998).

## Discussion

The Court is not persuaded that a stay is warranted in this case. Nationstar's motion is premised on the idea that *ACA International* will have a substantial bearing on the course of the present litigation. If Griffin's allegations were limited solely to Nationstar's alleged use of an ATDS in making the calls to Griffin, Nationstar's argument would be highly persuasive, and the Court would be inclined to grant a stay. However, in addition to alleging that the phone calls at issue were made using an ATDS, Griffin further alleges that the phone calls were made using a prerecorded voice. This is significant, since this issue is not presented in *ACA International* and will not be affected by the outcome of that case.

Griffin's claims are filed pursuant to Section 227 of the TCPA, which states:

Restrictions on use of telephone equipment

 (b)  Restrictions on use of automated telephone equipment.

    (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States - -

        (A)  to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice - -
. . .
. . .
            (iii)  to any telephone number assigned to . . . cellular telephone service . . . unless such call is made solely to collect a debt

owed to or guaranteed by the United States;

47 U.S.C.S. § 227.

Virtually the entirety of Nationstar's motion focuses on 42 U.S.C. § 227(b)(1)(A)'s inclusion of the phrase "automatic telephone dialing system" as a prohibited act, and the definition of that phrase provided in § 227(a)(1). Nationstar appears to be correct in that *ACA International* will directly address the definition of ATDS as contained within § 227(a)(1). *See, e.g., Rose v. Wells Fargo Advisors, LLC*, No. 1:16-CV-562-CAP, 2016 U.S. Dist. LEXIS 85287, at *3 (N.D. Ga. June 14, 2016). However, Nationstar overstates the dispositive effect that a change in the definition of ATDS as a result of a decision in *ACA International* may have on the present litigation. Specifically, even if the D.C. Circuit were to decide *ACA International* in a way which excluded the phone system at issue in this case from the definition of ATDS as contained in the statute, Griffin has still alleged a completely independent cause of action under § 227(b)(1)(A). Specifically, Griffin alleges that Nationstar violated the portions of the statute prohibiting a party from making phone calls to a cellular telephone using either an ATDS **or** a prerecorded or automated voice. 47 U.S.C. § 227(b)(1)(A). Here, Griffin has alleged Nationstar used both, meaning that no matter the outcome of *ACA International*, this litigation will likely continue.

Other courts, in addressing this exact issue, have denied the requested stay when the plaintiff also alleged that the phone calls contained a prerecorded voice. *See Owens-Benniefield v. Nationstar Mortg. LLC,* No. 8:17-cv-540-T-33TGW, 2017 U.S. Dist. LEXIS 60777, at *5 (M.D. Fla. Apr. 21, 2017)(" Here, the decision of *ACA International* will not be dispositive. That case questions the FCC's redefinition of the term "automated telephone dialing system" (ATDS) in the agency's July 10, 2015, Order. But, Owens-Benniefield alleges that she received calls using both an ATDS and an artificial or prerecorded voice.")(internal citations omitted).

Nationstar responds to this point by stating in its rebuttal that "investigation has shown that very few if any of the alleged calls could be defined as having [a] 'prerecorded voice' . . . ." [10] at 5. Nationstar does not elaborate on that investigation, nor does it provide any type of corroborating. The Court is sympathetic to Nationstar's argument, since, if true, it would mean that *ACA International* could significantly impact discovery in this case. However, the Court cannot grant a stay based primarily on a statement by counsel regarding a factual element of the case. Whether the phone calls actually contained a prerecorded voice amounts to a fact issue that should be subject to discovery.

For these reasons, Nationstar's Motion [6] is DENIED.

IT IS SO ORDERED, this the 23rd day of August, 2017.

                                                                                    /s/ F. Keith Ball  
                                                                         UNITED STATES MAGISTRATE JUDGE